DECISION OF A JUSTICE OF THE SUPREME COURT ON AN
APPEAL TO THE COMMISSIONER OF EDUCATION.

CORNELIUS J. HASBROUCK *et al..* Appellants *vs.* SCHOOL
COMMITTEE OF BRISTOL.

APRIL 6, 1925.

The above entitled proceeding is an appeal to the Com-
missioner of Education from the action of the School Com-
mittee of Bristol in locating a schoolhouse to be built in that
town. After hearing the appeal, upon the request of the

appellants, the Commissioner has laid before me a statement of the facts in the case in conformity with the provisions of Section 2, Chapter 73, General Laws, 1923.

From said statement the following facts appear. The town of Bristol has received a bequest under the will of Ramon Guiteras, deceased, to be used by the town in the erection of a public schoolhouse as a memorial to the testator's mother. On October 30, 1924, the School Committee of Bristol, by vote appearing upon its records, passed a resolution designating a tract of land on Washington street in said town, known as "the Washington street site," as the location of said school. From this action of the committee an appeal was taken to the Commissioner of Education. In support of the appeal various reasons were urged as to the unsuitableness of the location selected. The Commissioner, after hearing evidence, held that the location chosen by the committee was reasonably suitable, and refused to sustain the appeal.

The findings of fact made by the Commissioner upon the evidence are conclusive. *Crandall* v. *James*, 6 R. I. 144; *Appeal of Cottrell*, 10 R. I. 615. The only matters properly here for determination are alleged errors of law inhering in the action of the School Committee or in the decision of the Commissioner.

The appellants urge that, from the terms of the bequest, the testator has indicated his intention to place the "carrying out" of the bequest in the hands of "the council of the town of Bristol," and therefore the School Committee is without legal authority to fix the location of this school. The exact terms of the bequest are not contained in the statement of facts but are before us in the brief of the appellants. The correctness of the appellants' construction of the bequest is questionable. The gift was to provide for the erection of a "public schoolhouse." The testator could not by the terms of his gift vary the statutory duty of the School Committee to "locate all schoolhouses" in the town of Bristol; (Section 3, Chapter 70, Gen. Laws, 1923.) nor can

it fairly be said from the terms of the bequest that such was the testator's intention. This claim of the appellants is not approved.

The appellants also contend that in this matter the School Committee exceeded its legal authority for the reason that the financial town meeting of Bristol had by its vote determined that the portion of the town which includes the Washington street site was not a desirable section within which to locate the school. This contention is without merit. The duty of locating schoolhouses is in the School Committee and not in the financial town meeting. Section 3, Chapter 70, Gen. Laws, 1923. Any suggestion of the town meeting upon such a matter must be regarded as advisory merely. It is without binding legal force upon the committee.

The appellants also claim that the action of the School Committee was illegal because it contemplated the acquisition of a playground in connection with the school location, and that in any view of the law the power of the committee was restricted to the selection of a site for the school. The recorded vote of the committee from which the appeal was taken does not indicate such purpose in the committee; nor does it show the size of the tract on which the school location is fixed. Nothing contained in the Commissioner's statement of the facts gives any basis for a claim of illegality in this regard or for the claim that the committee was taking advantage of the gift to acquire land in excess of an amount reasonably within the testator's intention expressed in the bequest. Upon this point the Commissioner says in his decision: "while the tract is large, it is not excessively large considering the modern notion of provision for suitable playgrounds as accessories of school buildings." From anything appearing here this claim of illegality should not be approved. The site selected by the committee, if in other respects suitable, should be approved although it should be made to appear that the committee was about to exceed its authority under the statute and under the terms

of the bequest in recommending the purchase of an unreasonable amount of land to be used in connection with the school location.

The appellants further claim that by reason of previous action by the School Committee with reference to the selection of a site for the location of this school the committee had exhausted whatever authority it might have had in the matter and at the time of passing the resolution which is the subject of this appeal the School Committee was without power in the premises. The committee had on December 13, 1920, selected a location for the school known as "the Perry site." No action appears to have been taken toward the construction of a school on that site. Subsequently, on March 21, 1923, in deference to a request of the financial town meeting the committee rescinded its action with reference to the Perry site. After prolonged consideration, on November 13, 1923, the committee selected a location known as "the High street site." Apparently partly because of the cost of land for this location and partly because of objections based upon other reasons the committee, on October 14, 1924, rescinded its previous action with reference to the location of the school and, on October 30, 1924, adopted the resolution from which this appeal was taken. No action based upon the selection of either the Perry site or the High street site appears to have been taken by any person or by any other municipal body in Bristol. No rights had intervened, and no legal objection can be urged by these complainants, or by others, against the exercise by the committee of its judgment and authority in receding from its former action and in taking that of October 30, 1924. There is no merit in this claim of the appellants.

All of the objections urged by the appellants are overruled. The action of the Commissioner of Education upon the appeal is approved and confirmed.

WILLIAM H. SWEETLAND,
*Chief Justice of the Supreme Court.*

*John S. Murdock,* for appellant.

*James F. Lavender,* for school committee.

*Frank H. Hammill,* for school committee.

*James B. Littlefield,* for other persons supporting the appeal.